## UTICA DROP FORGE & TOOL CO. v. C. E. BONNER MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1912.)

### No. 1,893.

PATENTS (§ 328*)—INVENTION—STAPLE PULLER.

    The Russell patent No. 545,537 for a staple puller *held* void for lack of invention, in view of prior art.

Appeal from the Circuit Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Suit in equity by the Utica Drop Forge & Tool Company against the C. E. Bonner ·Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

Richard R. Martin, of Utica, N. Y., for appellant.

Minturn & Woerner, of Indianapolis, Ind. (Joseph A. Minturn, of Indianapolis, Ind., of counsel), for appellee.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. Appellant, complainant below, filed i , bill to restrain infringement of letters patent No. 545,537, granted Albert H. Russell September 3, 1895, and assigned to appellant. )ne of the defenses urged to the bill was that the invention did not possess patentable novelty, in the light of the prior art as shown by earlier patents and printed publications. The bill was dismissed for want of equity, and complainant appealed.

The patent in suit consist of five claims, and complainant alleged ι at each of these claims was infringed by appellee. The claims are as follows:

' ') A staple puller consisting of the pivoted members, the oppositely dispose jaws thereon and recesses in said jaws of such depth that when the jaws ᴠe closed the opposing edges of the recesses will close upon and grasp

---

*For otheɪ cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the prong of the staple before the meeting edges of the jaws come together, substantially as set forth.

"(2) A staple puller adapted to grasp a single prong of the staple above or below the wire and consisting of the pivoted members, the oppositely disposed jaws thereon, the recesses in said jaws of such depth that when the jaws are closed the opposing edges of the recesses will close upon and grasp the prong of the staple before the meeting edges of the jaws come together, and the points on the jaws beyond the recesses to press the wire aside and permit engagement with the prong of the staple, substantially as set forth.

"(3) A staple puller adapted to grasp a single prong of the staple above or below the wire and consisting of the pivoted members provided with the oppositely disposed jaws recessed to such depth that when the jaws are closed the opposing edges of the recesses will close upon and grasp the prong of the staple before the meeting edges of the jaws come together and points formed on said jaws by the excision of said recesses adapted to press aside the wire and permit engagement of the prong of the staple in said recesses, substantially as set forth.

"(4) A staple puller consisting of the pivoted members provided with oppositely disposed jaws and points on said jaws formed by the excision of recesses in the meeting edges of the jaws whereby it is adapted to engage the prong of the staple above or below the wire substantially as set forth.

"(5) A staple puller consisting of the members 5 pivoted together at 6, the oppositely disposed jaws 7 on said members, the recesses 8 in the meeting edges of said jaws of such depth that when the jaws are closed the opposite edges of the recesses will close upon and grasp the prong of the staple before the meeting edges of the jaws come together, and the points 10 formed on said jaws by the excision of the recesses and adapted to press aside the wire and permit the engagement of the prong of the staple in said recesses, substantially as set forth."

From these claims it abundantly appears that the invention claimed for the Russell patent consists in taking an old and well-known device, pincer tongs, and cutting into the meeting edges recesses which shall be (a) deep enough to cause the claws to grip or grasp the wire of the staple, and (b) near enough to the edges of the claws to provide points to press the fence wire aside, so as to permit the tool to grasp the staple. Appellant's expert, Workman, in his testimony says:

"I find from examining the patent in suit that the invention thereof comprises two features. These two features are (1) the provision of recesses in the meeting edges of the jaws of the tool to engage the prong of the staple, and (2) points to press the fence wire aside to permit of a tool engaging the staple."

Both of these features are old, and appear in the prior art. It will be sufficient to refer to two instances which appear in the record.

Defendant's expert, Stoddard, in his evidence said:

"On page 2588 of Knight's Mechanical Dictionary, Riverside Press, Cambridge, 1884, there is a figure marked 'Figure 6511,' and in this figure is an illustration marked 'c.' I have before me an enlargement of this figure, marked 'Defendant's Exhibit, Enlargement of Fig. c, Knight's Mechanical Dictionary, page 2588.' Upon page 2589 occur the following words referring to this figure: 'c, pincer tongs, for similar use.' The preceding paragraph reads as follows, referring to another figure or subfigure: 'b, auger-bit tongs; useful for holding round or square bars, and also bolts, the heads being placed within the swell of the jaws.' This figure, with the accompanying description, shows an instrument having pivoted members with oppositely disposed recessed jaws thereon."

Defendant's exhibit illustrating this shows an instrument having pivoted members with oppositely disposed recessed jaws thereon. It

is such an instrument as has been used time out of mind for grasping bolts or bars and holding them for various purposes. One of the peculiar features claimed by appellant for the recesses in the jaws— i. e., that they should be deep enough and yet not too deep to grasp the wire without the meeting edges of the jaws coming together—is one of the features of the pincer tongs shown in Knight's Mechanical Dictionary. Otherwise these pincer tongs would not *grasp* the bars or bolts spoken of, but the bars or bolts would lie loosely in the recesses.

In patent No. 477,005, granted to Thomas Heard June 14, 1892, the other alleged novel feature of the patent in suit clearly appears, viz., the placing of the recesses near enough to the edges of the claws to provide points to press the fence wire aside, so as to permit the tool to grasp the wire of the staple. Heard, in his specification, says:

"The abutting faces of the nipper jaws have considerable portions of their abutting surfaces left full and square and roughened, if desirable, as shown at *15*, to seize and compress any piece of wire or other object, or to twist together the free ends of wire. Other portions, however, are cut away so as to form recesses, leaving two opposite sharp pointed projections *13* and *14*, which can be pressed into the surface of a post to seize a staple or piece of wire embedded therein."

Heard shows the recesses placed just near enough to the edges of the claws to form pointed projections, precisely as are shown in the patent in suit; and they are described as operating in the same way, and accomplishing precisely the same result.

The patent in suit is without invention, and the bill was properly dismissed. The decree of the court below is affirmed.